UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

       Plaintiff,

       v.                            Crim. No. 01-263-HA
                                          Civil No. 05-950-HA

TERRANCE FISCHER,                OPINION AND ORDER

       Defendant.
_____

HAGGERTY, Chief Judge:

      Defendant Terrance Fischer (petitioner) has filed a *pro se* Petition for a Writ of Habeas

Corpus, and also an "Amendment and Correction" to his petition.  Petitioner asks the court to vacate,

set aside or correct his sentence under 28 U.S.C. § 2255.  He has also filed supplemental briefs in

support of his petition, which this court has also considered.

1  -  OPINION AND ORDER

**BACKGROUND**

Petitioner was charged in a superceding indictment filed on September 7, 2001.  Petitioner's subsequent whereabouts were unknown until he was arrested in The Netherlands in June 2002. Petitioner resisted extradition until he was returned to the District of Oregon in November 2003.  At that time, co-defendant Andre Wegner had pled guilty to all counts of the indictment in which he was named, and had been sentenced.  The prosecution against another co-defendant, Jay Wilson, had been consolidated with another case and transferred.  Wilson later went to trial and was convicted on all counts in which he was named but one.

Petitioner was represented by two attorneys, Patrick Birmingham and Wayne Mackeson.  On March 18, 2004, petitioner entered a guilty plea pursuant to a written plea agreement.  There is no dispute that this agreement states that there are no other express or implied agreements, promises or terms between the parties other than those provided in the signed plea agreement.  *See* Para. 13 of Exhibit A to the Government's Answer in Opp. To Defendant's Petition (hereinafter the Agreement).

Petitioner also acknowledged that he read and understood each provision of the Agreement. By this acknowledgment petitioner knew that the government would recommend a sentence of 235 months, and, as discussed more thoroughly below, that petitioner was waiving his right to file an appeal or to petition for relief under 28 U.S.C. § 2255 except under certain circumstances.

Petitioner now comes forward and asks the court to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  For the purposes of evaluating this petition on the merits, it is construed liberally and in the light of presenting challenges involving the quality of assistance petitioner received from his counsel.

**STANDARDS**

Petitioner seeks relief under 28 U.S.C. § 2255.  That statute provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'"  *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in original).  The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or are "so palpably incredible or patently frivolous as to warrant summary dismissal."  *United States v. Popoola*, 881 F.2d 811, 812 (9th Cir. 1989) (quoting *Marrow v. United States*, 772 F.2d 525 (9th Cir. 1985)); *see also United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle the petitioner to relief.  *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990).  Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

This court has reviewed the Record and the parties' briefs, and has determined that a hearing is unnecessary.  The petition is denied.

Paragraph 8 of Petitioner's Plea Agreement in this matter included petitioner's waiver of any right to "file a motion pursuant to 28 U.S.C. § 2255 to set aside the conviction and sentence, except on grounds of ineffective assistance of counsel, newly discovered evidence, or a retroactive change in the applicable guidelines or statute."  During petitioner's entry of plea, this court carefully reviewed the terms of the parties' plea agreement, including the waiver of collateral attack. Petitioner was asked whether he understood that he would not be able to challenge any aspect of this case, including the sentence that might be imposed.  Petitioner indicated that he understood this. This waiver is by itself dispositive of the petition before the court.  Moreover, assuming but not deciding that petitioner's claim of ineffective assistance of counsel was before the court properly, the petition would still nevertheless fail.

## **ANALYSIS**

Petitioner's arguments are wide-ranging.  As noted above, aspects of the challenges could be denied on grounds that petitioner waived his opportunities to challenge his sentence except in limited circumstances.  Moreover, as analyzed below, these challenges themselves are without merit.

First, petitioner contends that the government acted in bad faith by failing to file a motion pursuant to Federal Rule of Criminal Procedure 35(b) (hereinafter a Rule 35 motion or a substantial-assistance motion) for reduction of petitioner's sentence based on substantial assistance to the government.  As noted above, petitioner expressly acknowledged that the Agreement he signed represented the entirety of all promises made by petitioner and the government, and that no other agreements, express or implied, existed.

Second, while the United States Supreme Court has recognized certain limits on a prosecutor's discretion when exercising the power to file a substantial-assistance motion, those limitations are inapplicable here. *See United States v. Wade*, 504 U.S. 181, 185-86 (1992) (federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive such as a defendant's race or religion). Here, petitioner alleges merely that the government breached an oral promise to seek a sentence reduction and did so in bad faith despite petitioner's alleged substantial assistance. This alone is insufficient to warrant even an evidentiary hearing. "It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Id*. at 186 (citations omitted).

Moreover, the government has explained its careful evaluation and conclusion to refrain from filing a Rule 35 motion in correspondence directed to petitioner's counsel in June 2005. *See* Ex. B to the Government's Answer and Opp. (June 15, 2005 Letter from Charles Stuckey to Patrick Birmingham). That explanation contains a fair and reasonable analysis of the extent of petitioner's assistance and conduct. Regardless of petitioner's allegations that he cooperated with federal agents in Amsterdam, induced co-defendant Wegner's plea, and that – after petitioner's plea – the government invited petitioner's counsel to draft a list of reasons and justifications that could form the basis of a Rule 35 motion, the government's determination that petitioner's assistance failed to warrant filing a Rule 35 motion is a reasonable and legitimate exercise of prosecutorial discretion.

Petitioner next contends that the government violated the "doctrine of specialty."  In the context of international extradition, the doctrine of specialty "prohibits the requesting nation from prosecuting the extradited individual for any offense other than that for which the surrendering state agreed to extradite."  *United States v. Andonian*, 29 F.3d 1432, 1434-35 (9th Cir.1994) (internal citation omitted).  Following extradition to the United States from a foreign country, a criminal defendant may only be prosecuted for conduct considered criminal under the laws of both nations and for offenses specified in the extradition agreement.  *United States v. Khan*, 993 F.2d 1368, 1372-73 (9th Cir. 1993).

Pursuant to this, petitioner was prosecuted on all but the forfeiture allegation in the superceding indictment.  *See* Ex. C of the Government's Answer and Opp. (English translation of grant of extradition).  Petitioner argues that the doctrine of specialty was violated because his criminal history was considered in his sentencing, meaning (in petitioner's view) that he was punished for conduct not specified in the extradition agreement.  This argument is rejected.  The doctrine of specialty has never been construed to permit foreign intrusion into the evidentiary or procedural rules of the requisitioning state; the doctrine "is satisfied if the extraditing country honors the limitations placed on the prosecution by the surrendering state."  *Andonian*, 29 F.3d at 1438 (citations omitted).  Petitioner was subject to being tried on charges tailored to comply with the grant of extradition.  The scope of the doctrine of specialty falls short of influencing this court's sentencing calculations arising from petitioner's plea of guilty on those charges.

Petitioner's next argument that he is entitled to re-sentencing based upon the reasoning of the decisions in *United States v. Booker*, 543 U.S. 220 (2005) and *Blakely v. Washington*, 542 U.S. 296

(2004) is without merit.  *See United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005) ("We now join every other circuit that has considered the question in holding that the rule announced by *Booker* does not . . . operate retroactively").  Moreover, petitioner admitted the drug quantity specified in the Agreement.

Petitioner's remaining arguments challenge the performance of his counsel, and the fairness inherent in the "totality of the circumstances" surrounding his plea and sentence.  These arguments have been considered and rejected.

To prevail on a claim of ineffective assistance of counsel, a petitioner must prove both incompetence of counsel and prejudice to petitioner's case.  The petitioner bears the burden of showing that counsel's performance was unreasonable in light of the prevailing professional norms and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The reasonableness of counsel's performance is judged based on the facts of the particular case as they were known at the time of counsel's conduct.  *Bell v. Cone*, 535 U.S. 685, 698 (2002).

Failure to make the required showing on either the "incompetence" prong or the "prejudice" prong "defeats the ineffectiveness claim."  *Strickland*, 466 U.S. at 700.

To establish ineffective assistance of counsel, petitioner must establish both deficient performance by counsel and that the deficiency prejudiced the petitioner.  *Williams v. Calderon*, 52 F.3d 1465, 1469 (9th Cir. 1995).  There is no need to evaluate the counsel's performance if the petitioner fails to show that prejudice resulted from the counsel's alleged errors.  *Strickland*, 466 U.S. at 697.

If prejudice from the alleged errors is shown, petitioner must overcome a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). "The essence of an ineffective assistance of counsel claim is that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Williams*, 52 F.3d at 1469 (internal quotations omitted).

To establish deficient performance, the petitioner must first demonstrate that counsel not merely committed errors, but also performed outside the "wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Petitioner must show that counsel's representation failed to meet an objective standard of reasonableness. *Id*. at 688. To establish prejudice, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Williams*, 52 F.3d at 1469 (quoting *Strickland*, 466 U.S. at 694).

Specifically, petitioner must show that counsel committed errors that a reasonable, competent lawyer, acting as a diligent and conscientious advocate, would not make, and that prejudice resulted. *Katz v. United States*, 920 F.2d 610 (9th Cir. 1990); *Tinsley v. Borg*, 895 F.2d 520 (9th Cir. 1990) (citing *Strickland*). The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny must be highly deferential, with the court indulging a strong presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Id*.

In this case, petitioner bases his assertion of ineffective assistance of counsel on the fact that his counsel failed to obtain a more favorable sentence, or compel the government to file a Rule 35 motion as discussed above, and also because the "totality of the circumstances" indicates that petitioner may have received a harsher sentence than his co-defendants who, in petitioner's view, were more culpable.

The court has carefully examined the record as it pertains to petitioner's claims, and determines that petitioner's claims and the allegations of ineffective assistance of counsel are insufficient to require a hearing.  *See Johnson*, 988 F.2d at 945; *Hearst*, 638 F.2d at 1194.  This court's review of the record, and the findings and conclusions made at sentencing, confirms that petitioner's attorneys performed well within the "wide range of professionally competent assistance" and the representation at issue did not fail to meet an objective standard of reasonableness.

Petitioner points to no specific conduct or decision-making on the part of his counsel as falling below the standard of adequate assistance.  Instead, petitioner's complaint is largely against the exercise of discretion on the part of the prosecution regarding his sentence and the sentences of the co-defendants in this matter.  That discretion was exercised reasonably and constitutionally, and it cannot be concluded fairly that the conduct of petitioner's counsel fell outside the wide range of reasonable professional assistance.  Accordingly, there are no grounds for concluding that counsel failed to adequately represent petitioner.

Finally, petitioner was granted additional time to prepare a supplemental argument regarding a challenge he wished to direct at the calculation of the amount of controlled substances charged. The drug sold as "ecstasy" typically is presented as one of two related compounds, MDA

(methylenedioxyamphetamine) or MDMA (3-4 methylenedioxymethamphetamine).  Petitioner dealt in MDMA.  A review of the relevant Plea Agreement establishes that the parties agreed that a Base Offense Level of 36 applied, because "[a]fter the required conversion of MDMA to marijuana, the amount involved is between 10,000 kilos and 30,000 kilos of marijuana."  *See* Para. 4 of the Agreement.

As noted already, petitioner acknowledged that he reviewed every part of the Agreement carefully and that he voluntarily agreed to its terms.  He waived all challenges except those described above.  He failed to reserve any rights to appeal the drug quantities charged, and instead stipulated to those amounts.  Even if this type of challenge were reserved, or could be construed as a claim pertaining to ineffective assistance of counsel and properly presented here, petitioner's supplemental arguments lack merit.  Petitioner refers to laboratory reports that suggest that the pills he admitted to possessing contained a smaller percentage of active ingredients than assumed at the time of  sentencing.

However, a defendant is responsible for the weight of the whole pill, not just the active ingredient.  *See* § 2D1.1 Drug Quantity Table Note A; *see also Neal v. United States*, 516 U.S. 284 (1996); *United States v. Roche*, 415 F.3d 614, 619-20 (7th Cir. 2005).

Moreover, petitioner's Base Offense Level would remain at 36 for several counts to which he pled guilty that would be unaffected by successful challenges to the quantities of controlled substances possessed.  Even if petitioner's arguments regarding laboratory analyses conducted subsequent to petitioner's admission of drug quantities possessed and his plea agreement and

sentencing were before this court properly, petitioner fails to establish that any error would not be

harmless

      Accordingly, petitioner's supplemental briefings and arguments have been considered by this

court.  These arguments are rejected as previously waived and because the arguments lack sufficient

merit to support a petition brought under 28 U.S.C. § 2255.

**<u>CONCLUSION</u>**

      Petitioner Terrance Fischer's Motion For Court To Issue Order To Provide Specific

Documents [290] is denied as moot, as petitioner now possesses those documents.  For the foregoing

reasons, his petition and "Amendment and Correction" [266, 274] are DENIED.

      IT IS SO ORDERED.

      DATED this    20    day of March, 2007.


                                   /s/  Ancer L. Haggerty

                                      Ancer L. Haggerty

                              United States District Judge