UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,                Case No. 3:01-cr-00263-HA

                                             OPINION AND ORDER

        v.

TERRANCE FISCHER,

        Defendant/Petitioner.

_____

HAGGERTY, District Judge:

        Defendant Terrance Fischer brings this Petition for Writ of *Audita Querala* [431] seeking

to reduce or vacate his prison sentence. Petitioner was sentenced to 235 months in prison

pursuant to a plea agreement, under which petitioner agreed to plead guilty to ten counts

involving the importation, distribution, and possession with the intent to distribute MDMA.

Petitioner argues that his sentence should be reduced and he should be released because it was

based on the MDMA Guidelines that were issued by the U.S. Sentencing Commission in May

2001, and which are now considered by many experts to be based upon flawed science. Having

OPINION AND ORDER - 1

carefully considered the briefs in support of and in opposition to the Petition, and the entire record concerning defendant's plea, sentencing, and post-conviction record, defendant's Petition for the Writ of *Audita Querala* [431] is DENIED.

## BACKGROUND

Defendant pled guilty in 2004 to multiple counts, including conspiracy to import, distribute, and possess with the intent to distribute Methylenedioxymeethamphetamine, or MDMA, from approximately November 2000 through September 2001. The plea agreement noted that based upon the MDMA Guidelines, the conversion of MDMA to marijuana resulted in the marijuana equivalent of 10,000 to 30,000 kilograms, resulting in a base offense level of 36, and that the government would recommend a sentence of 235 months in prison. Judgment was entered on June 14, 2004, and defendant was sentenced to 235 months in prison, a five year term of supervised release, and a special assessment of $1,000. Defendant's co-conspirators Andre Wegner and J.W. Wilson were sentenced to 77 months and 240 months in prison, respectively; although Wilson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [285] was granted in March 2010 and he was subsequently released from prison. *United States v. Wilson*, 719 F. Supp. 2d 1260 (D. Or. 2010). Defendant is therefore the only conspirator who remains in prison and is serving a sentence at least ten years longer than any of his co-conspirators.

Defendant did not pursue a direct appeal of his conviction or his sentence. Since his sentence was imposed, however, defendant has repeatedly pursued post-conviction relief on the grounds that his sentence is too long. On June 24, 2005, defendant filed a *pro se* Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [266]. Defendant raised a number of

OPINION AND ORDER - 2

theories for why his sentence should be set aside, including: that the government had promised to file a motion for a reduction of sentence based on his substantial assistance; that the inclusion of his criminal history in calculating the sentence violated the doctrine of speciality; that he was entitled to re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004); that his counsel was ineffective in not securing a more favorable sentence; and that the calculation of the base offense level was incorrect. On March 20, 2007, the court issued an Opinion and Order [303] denying his motion, finding that his waiver of the right to file a 28 U.S.C. § 2255 motion under his plea agreement was dispositive. The court also specifically addressed each of plaintiff's claims and rejected each one.

On December 17, 2007, defendant filed two Notices of Supplemental Authority regarding Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [314, 315]. Defendant additionally filed a Verified Motion for Evidentiary Hearing [316] on January 2, 2008, a Motion to Reopen the Time for Filing an Appeal [317] on January 4, 2008, and a Verification Motion to Reconsider Order Denying Relief under 28 U.S.C. § 2255 [320] on January 7, 2008. Defendant's supplemental filings included additional arguments regarding the calculation of his base offense level. Defendant argued that the MDMA guidelines were unfair and violated his constitutional rights. On January 10, 2008, this court issued an Order [319] construing defendant's Motion to Re-Open the Time for Filing an Appeal as a motion to reconsider the court's March 20, 2007 Order. This court then vacated its March 20, 2007 Opinion and Order, reviewed defendant's supplemental authorities and the record and again denied the petition. Defendant filed a Motion for Certificate of Appealability [321] the same day. On January 18, 2008, this court issued an Order [322] denying defendant's January 7, 2010 Motion to Reconsider [320] and Motion for

OPINION AND ORDER - 3

Certificate of Appealability [321] as moot.  In Orders issued on February 6, 2008 [324] and

February 12, 2008 [323] , this court vacated its January 18, 2008, Order and granted defendant's

Motion for Certificate of Appealability [321] on two issues raised in the petition: the scope of the

doctrine of speciality and the alleged due process violation.  Petitoner filed an Amended Notice

of Appeal [327] on March 6, 2008.  On April 17, 2009, the Ninth Circuit affirmed the denial of

defendant's motion for post-conviction relief.  *United States v. Fischer*, 322 F. App'x 521 (9th

Cir. 2009).

On January 14, 2009, defendant filed a Motion for Reconsideration of the Order Denying

Relief under 28 U.S.C. § 2255 [355] under Rule 60(b) of the Federal Rules of Civil Procedure

seeking re-sentencing.  This court denied defendant's motion [366] and defendant filed a Notice

of Appeal [381] on July 7, 2009.  On September 14, 2009, the Ninth Circuit remanded the case

for the limited purpose of granting or denying a Certificate of Appealability [394].  On

November 16, 2009, this court issued an Order [395] denying the defendant's Certificate of

Appealability, and, on November 23, 2009, defendant filed Notice of Appeal [398] regarding that

decision.  On December 28, 2009, defendant filed a Motion under Rule 60(b)(6) for Relief from

Final Judgment [408].  On March 15, 2010, this court issued an Order [412] denying defendant's

motion as moot pending his appeal.  On April 1, 2010, defendant filed a Verified Motion to

Reconsider Order Denying Relief Under Rule 60(b)(6) [417].  On July 30, 2010, the Ninth

Circuit issued an Order [424] denying his request for a Certificate of Appealability and all other

outstanding motions and requests as moot.

On June 10, 2014, defendant filed a Petition for Writ of *Audita Querala* [431] pursuant to

the All Writs Act, 28 U.S.C. § 1651, seeking equitable relief from his sentence on the theory that

OPINION AND ORDER - 4

the MDMA Sentencing Guidelines are flawed.  Defendant argues that he is not making a claim

that *Booker* should be applied retroactively to his case.  Pet. Reply [435] at 3.  Rather, defendant

argues that the All Writs Act gives "vast latitude" to a district court to "remedy and correct an

injustice."  *Id.*  He argues that evidence challenging the propriety of the MDMA Guidelines has

only become available to him recently.  In his opening brief, defendant submits as an exhibit the

transcript of expert testimony regarding the reputed harms of MDMA in a criminal case in the

United States District Court for the Southern District of New York involving a challenge to the

MDMA Guidelines.  *United States v. McCarthy*, No. 09 Cr. 1136,  2011 WL 1991146 (S.D.N.Y.

May 19, 2011).  In that case, the court adopted a marijuana equivalency ratio of 200:1 for

MDMA, down from the 500:1 ratio recommended by the Guidelines.  *Id.* at *4.  Before reaching

the merits of defendant's argument, however, this court must first decide the availability of the

writ of *audita querala* given the facts in this case, and, if the writ does not apply, whether the

challenge to defendant's sentence should be construed as a second or successive habeas challenge

under 28 U.S.C. § 2255.   On October 16, 2014, counsel filed a letter [438] written by defendant.

It was missing the last page so defendant's complete letter [439] was also docketed on October

20, 2014.

## ANALYSIS

### a.    The All Writs Act and the Writ of *Audita Querela*

The All Writs Act states that "[t]he Supreme Court and all courts established by Act of

Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and

agreeable to the usages and principles of law." 28 U.S.C. § 1651.  The Supreme Court has

interpreted the All Writs Act as a "residual source of authority to issue writs that are not

OPINION AND ORDER - 5

otherwise covered by statute." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474

U.S. 34, 43 (1985). But "[w]here a statute specifically addresses the particular issue at hand," the

Court has said that "it is that authority and not the All Writs Act, that is controlling." *Id.*

The writ of *audita querela*, meaning literally "the complaint having been heard," is a

common law writ used to attack a judgment that was correct when rendered, but which later

became incorrect because of circumstances that arose after the fact. *Carrington v. United States*,

503 F.3d 888, 890 n. 2 (9th Cir. 2007). The writ is similar, but not identical, to the writ of error

*coram nobis*; *audita querala* is directed against the enforcement, or further enforcement, of a

judgment which, when rendered, was just and unimpeachable, whereas *coram nobis* attacks the

judgment itself. *See United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002)

(explaining that unlike *coram nobis*, which is "used to attack a judgment that was infirm at the

time it issued, for reasons that later came to light," *audita querela* is "used to challenge a

judgment that was correct at the time rendered but which is rendered infirm by matters which

arise after its rendition") (brackets and internal quotation marks omitted). The Ninth Circuit has

stated that the difference between *coram nobis* and *audita querela*, however, is largely "one of

timing, not substance." *Doe v. Immigration and Naturalization Service*, 120 F.3d 200, 203 n.4

(9th Cir. 1997).

Although Rule 60(b) of the Federal Rules of Civil Procedure expressly abolished the

application of the writ of *audita querela* to civil judgments in 1946, the Supreme Court held in

*United States v. Morgan*, that the writ of error *coram nobis* was still available in criminal

proceedings under the All Writs Act, 28 U.S.C.A. § 1651(a), where it was needed to fill a gap in

the federal post-conviction remedial scheme. 346 U.S. 502, 511 (1954). The Court limited the

OPINION AND ORDER - 6

availability of the writ to "extraordinary" cases presenting circumstances compelling its use "to achieve justice." *Id.* at 511.

Likewise, courts have acknowledged that the writ of *audita querela* might survive in criminal adjudications, if there is a gap for it to fill. *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001); *see also United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (stating that the writ is probably available where there is a legal objection to a conviction that has arisen after the conviction and is not redressable pursuant to another post-conviction remedy). If it has survived, courts agree that its use is limited to very narrow circumstances. *Doe*, 120 F.3d at 204 n.5; *see also United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993) (stating that "*audita querela* is a slender reed upon which to lean"); *United States v. Johnson*, 962 F.2d 579, 583 (7th Cir. 1992) (questioning "the extent of the viability of *audita querela* given the availability of *coram nobis* and § 2255").

Even assuming the continued vitality of *audita querela,* courts have ruled that it is only available where there is a legal objection to a judgment which has arisen subsequent to that judgment. *Doe*, 120 F.3d at 204. Thus, purely equitable reasons for relief—grounds not based on any error in the conviction or sentence—will not justify the issuance of a writ. *Id.* at 204-205.

Moreover, the Ninth Circuit has ruled that a federal prisoner may not challenge his sentence pursuant to a petition for a writ of *audita querela* if the requested relief was cognizable under § 2255. *United States v. Gamboa*, 608 F.3d 492, 495 (9th Cir. 2010) ("the statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs"); *Valdez-Pacheco*, 237 F.3d at 1080 (noting that a "prisoner may not circumvent valid congressional limitations on collateral attacks by asserting

OPINION AND ORDER - 7

that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs"). In other words, the procedural hurdles created by the Antiterrorism and Effective Death Penalty Act (AEDPA), such as restrictions on filing second or successive § 2255 motions, do not constitute "gaps" in which the All Writs Act and the writ of *audita querala* apply. *Id.*

      b.    *Audita Querala* **Does Not Apply in Defendant's Case**

Despite these formidable restrictions, defendant asserts that his circumstances present precisely the type of "gap" that the writ of *audita querala* was designed to fill. Defendant cites a number of district court cases in which the writ has been granted. *See Erickson v. United States,* 757 F. Supp. 2d 1060 (D. Or. 2010); *Kessack v. United States*, No. C05-1828Z 2008 WL 189679 (W.D. Wash. Jan. 18, 2008); *United States v. Grajeda-Perez*, 727 F. Supp. 1374 (W.D. Wash. 1989); *United States v. Salgado*, 692 F. Supp. 1265 (E.D. Wash. 1988); *United States v. Ghebrezibher*, 701 F. Supp. 115 (E.D. La. 1988). However, for the following reasons each of these cases is either distinguishable or has been viewed unfavorably by the Ninth Circuit.

First, the facts in *Erickson* are quite different from this case. In Erickson, defendant brought a Petition for Writ of *Coram Nobis* or *Audita Querala* seeking to set aside or invalidate a 1968 felony conviction under 50 U.S.C. § 462 for refusal to submit to induction into the military during the Vietnam War. 757 F. Supp. 2d at 1061. Defendant was not eligible for habeas corpus relief under § 2255 because he was no longer in custody. *Id.* at 1063. The court found that the Supreme Court had broadened the law concerning conscientious objector status after defendant's conviction had become final. *Id.* As a result, the court found that defendant was entitled to relief under the Writ of *Audita Querala,* and vacated and set aside his conviction. *Id.* at 1064. The fact

that the defendant was not in custody and thus could not rely on § 2255 appears to be crucial in the court's decision to issue the writ. Thus, *Erickson* is distinguishable from the other cases defendant cites and from defendant's own circumstances.

In the remaining district court cases cited by defendant, the Ninth Circuit has expressly stated that all of these decisions had misinterpreted the scope of the writ. In *Doe*, the Ninth Circuit expressly rejected the reasoning in *Salgado* and *Ghebrezibher*. 120 F.3d at 203. In both of these district court cases, the courts issued the writ to vacate the defendants' convictions so that they would be eligible for amnesty under the Immigration Reform and Control Act (IRCA). *Id.* The Ninth Circuit, agreeing with the District of Columbia Circuit, found that both courts were mistaken "in their conclusion that *audita querala* furnishes a purely equitable basis for relief independent of any legal defect in the underlying judgment." *Id.* (quoting *United States v. Ayala*, 894 F.2d 425, 429 (D.C. Cir. 1990)). The court concluded that *audita querala* is "available only if a defendant has a legal defense or discharge to the underlying judgment." *Id.* at 204. The Ninth Circuit also rejected the district court's reasoning in *Grajeda-Perez*, in which the district court issued the writ to a petitioner, vacating his alien in possession of a firearm conviction after he had served the full term of imprisonment imposed, so that he could obtain legal residency under the IRCA. 727 F. Supp. at 1375. The Ninth Circuit cited its decision in *Doe*, preventing courts from vacating convictions on solely equitable grounds. *United States v. Bravo-Diaz*, 312 F.3d 995, 997-998 (9th Cir. 2002).

In *Kessack*, the District Court for the Western District of Washington granted defendant's writ of *audita querala* on the grounds that he had been sentenced under the mandatory Sentencing Guidelines which were later ruled unconstitutional by the Supreme Court in *Booker*.

OPINION AND ORDER - 9

2008 WL 189679, at *7. In *Booker*, the Supreme Court held that 18 U.S.C. § 3553(b), which

required federal district judges to impose a sentence within the Federal Sentencing Guidelines,

was "incompatible" with the Sixth Amendment, thus making the Guidelines effectively advisory.

543 U.S. at 245. (2005). In *Kessack,* the district court ruled that although the Ninth Circuit held

in *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005) that *Booker* was not retroactive under §

2255, the court did not address the retroactivity of *Booker* in cases brought on a writ of *audita*

*querala. Id.* at *6. As a result the court granted the petition. *Id.* at *7.

In *United States v. Gamboa*, the Ninth Circuit noted that *Kessack* is "contrary to the law"

of the Ninth Circuit. 608 F.3d 492, 495 (9th Cir. 2010). The court cited its decision in

*Carrington v. United States*, in which the court held that ADEPA's limitations on "successive

habeas petitions did not create a 'gap' in the post-conviction landscape that can be filled with the

common law writs." 503 F.3d 888, 890 (9th Cir. 2007); *see also Valdez-Pacheco*, 237 F.3d at

1080 ("[a] prisoner may not circumvent valid congressional limitations on collateral attacks by

asserting that those very limitations create a gap in the postconviction remedies that must be

filled by the common law writs").

Defendant argues that each of these Ninth Circuit cases that cast doubt on the viability of

*audita querala* is distinguishable. First, he argues that he is not making an argument that *Booker*

should be retroactive, which is what the Ninth Circuit focused on in *Carrington* and *Gamboa*.

Likewise, defendant argues that *Valdez-Pacheo* is distinguishable to the extent that in that case,

unlike in the current case, the defendant in that case could have raised the claim he raised in his

petition for writ of *audita querala* on direct appeal or in early post-conviction attacks. Defendant

argues instead that new evidence that reveals the flaws in the MDMA Guidelines was not

available to him earlier and that as a result he is seeking relief under the writ. With regard to *Doe,* defendant argues that he is indeed making a legal, rather than an equitable claim, in that he is challenging the reliability and validity of the MDMA Guideline conversion ratio. In *Doe*, the Ninth Circuit cited a Seventh Circuit which said that "[t]he defense or discharge must be a legal defect in the conviction, *or in the sentence which taints the conviction.*" 120 F.3d at 203 (quoting *United States v. Johnson,* 962 F.2d 579,582 (7th Cir. 1992) (emphasis added). Finally, he argues that even in light of the Ninth Circuit's skepticism regarding the writ, the district courts have vast latitude and discretion under the writ of *audita querala* to "remedy and correct an injustice." Pet. Reply [435] at 3.

The court does not find defendant's arguments convincing. The crucial issue is not whether defendant is seeking legal rather than equitable relief, nor is it whether relief would have been granted under 28 U.S.C. § 2255; rather, the issue is whether defendant's claim would be cognizable under 28 U.S.C. § 2255. Assuming that defendant has a colorable claim that newly discovered evidence establishes that the MDMA Guidelines are unconstitutional, as he suggests, defendant would be able to bring a motion under 28 U.S.C. § 2255 to vacate, set aside or correct that sentence, since that sentence was, in the language of the statute, "imposed in violation of the constitutional laws of the United States." 28 U.S.C. § 2255. The fact that defendant would have to seek certification from the Ninth Circuit to bring a second or successive habeas claim does not make the writ of *audita querala* available. *See Valdez-Pacheo*, 237 F.3d at 1080 (the writ was not available to a prisoner to avoid the provisions of ADEPA that limited his rights to file a second or successive habeas petition). Nor would his plea agreement bar defendant from making a challenge under 28 U.S.C. § 2255, since his plea agreement [252] expressly carves out an

OPINION AND ORDER - 11

exception for newly discovered evidence.

Although *Kessack* presumably can be read for giving courts broad authority to issue the writ of *audita querala*, the case is an outlier in the Ninth Circuit and is thus not persuasive authority. Defendant cites *Erickson*, but for the reasons stated above, that case suggests that the primary reason that the writ could issue in that case was that the petitioner was not in custody and thus could not file a habeas petition. Finally, it is unclear, despite the evidence defendant presents in support of his argument that the MDMA Guidelines are flawed, that his case warrants such compelling circumstances for a district court, assuming it has the authority to issue the writ, to grant his petition. For these reasons, the court has no choice but to deny the petition.

### c.    Habeas Corpus Motion under 28 U.S.C. § 2255

This court must next decide whether to construe the petition as a motion under 28 U.S.C. § 2255. Both defendant and the government agree that this petition should not be construed as a motion under § 2255. Defendant argues that this challenge should not be viewed as a post-conviction challenge under 28 U.S.C. § 2255, but instead as part of the original criminal action. The Supreme Court has stated the writ of error *coram nobis* "is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." *United States v. Denedo*, 556 U.S. 904, 913 (2009); *see also Morgan*, 346 U.S. at 505 n. 4 (*coram nobis* is "a step in the criminal case and not, like habeas corpus, where relief is sought in a separate case and record, the beginning of a separate civil proceeding."). By extension, plaintiff argues that *audita querala* too should be viewed not as a post-conviction challenge but as part of the original

action.[1]  The government argues that § 2255 does not apply since defendant waived his right to file such a petition in his plea agreement; that he is barred from filing a successive § 2255 petition without certification; that it would have been untimely; and because he has chose to pursue a writ of *audita querela* instead.

Nevertheless, in past cases the Ninth Circuit has affirmed the district court's dismissal of a petition rather than construing it as a 28 U.S.C. § 2255 motion and then dismissing it under the provisions of the AEDPA.  *See Gamboa*, 608 F.3d at 495.  Further, if the court were to construe the petition as a 28 U.S.C. § 2255 motion, the court still would be unable to reach the merits since defendant has already filed a habeas petition and is barred from bringing a second or successive petition without first seeking certification from the Ninth Circuit.  Therefore, the court will not interpret the petition as a motion under 28 U.S.C. § 2255, and instead will simply dismiss the petition.

///

///

---

[1] The court is skeptical with regard to the soundness of defendant's inference.  The Ninth Circuit has said that the difference between *coram nobis* and *audita querela* is mostly "one of timing, not substance." *Doe*, 120 F.3d at 203 n.4.  However, whether defendant's claim should be considered as part of the original proceeding rather than a post-conviction challenge is entirely a question of timing.  While *coram nobis* concerns a challenge to a conviction that was incorrect when it was issued rather than later on, and thus can properly be considered as part of the original proceeding, *audita querala* is only available at some later date when a subsequent event makes a past conviction or sentence invalid.  Therefore, *audita querala* is more appropriately viewed purely as a post-conviction challenge rather than as an extension of the original proceeding.  Thus, it appears that 28 U.S.C. § 2255 and not *audita querala*, would be the proper vehicle to bring this type of challenge.  It also raises the additional question as to whether any situation exists in which the writ of *audita querala* would be the appropriate remedy.  While the court is skeptical as to whether such a scenario exists, this question is entirely academic because it clearly does not apply in defendant's case.

OPINION AND ORDER - 13

**CONCLUSION**

Based upon Ninth Circuit precedent, defendant's Petition for the Writ of *Audita Querala* [431] is denied.  Defendant cannot rely on the writ to do an end run around the restrictions on conventional post-conviction challenges under 28 U.S.C. § 2255.  The writ is available to fill gaps, not loopholes, which is what defendant has identified in his briefs.  The sentence imposed on defendant, based upon the then mandatory MDMA Guidelines, is likely in excess of what this court would have likely imposed today.[2]  Notwithstanding that fact, defendant has not made a compelling showing that, even if the court had the power and the authority to grant his petition, the facts as they are presented constitute an "extraordinary circumstance" compelling the use of this extraordinary remedy "to achieve justice." *Morgan*, 346 U.S. at 511.

For the reasons provided, defendant's Petition for the Writ of Audita Querala  [431] is DENIED.

IT IS SO ORDERED.

DATED this 28 day of October, 2014.

Ancer L. Haggerty
United States District Court

---

[2]In recognition of the fact that the old sentencing regime is out of line with today laws, the Justice Department in April 2014 announced a new clemency initiative aimed at reviewing and expediting clemency applications of federal inmates who meet the criteria set out in the initiative.  Announcing New Clemency Initiative, Dep. Atty. Gen. James M. Cole Details Broad New Criteria for Applicants (Apr. 23, 2014)
http://www.justice.gov/opa/pr/announcing-new-clemency-initiative-deputy-attorney-general-james-m-cole-details-broad-new.

OPINION AND ORDER - 14