IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:01-cr-00263-BR |
| Plaintiff, | ORDER |
| v. | |
| TERRANCE FISCHER, | |
| Defendant. | |

**BROWN, Judge.**

    This matter comes before the Court on remand from the Ninth Circuit Court of Appeals for issuance or denial of a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

    "The district court should grant an application for a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether or agree that the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S.

1 - ORDER

473, 483-84 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Defendant filed a Motion (#450) for Reconsideration and Relief Pursuant to [Federal Rule of Civil Procedure] 60(b) seeking (1) reconsideration of the Court's Opinion and Order (#440) issued October 28, 2014, in which the Court denied Defendant's Motion (#431) to Reduce Sentence pursuant to a writ of *audita querela* and (2) relief from his sentence pursuant to Federal Rule of Civil Procedure 60(b).  This Court denied Defendant's Motion because (1) a writ of *audita querela* was unavailable in light of the fact that the relief Defendant sought was available pursuant to 28 U.S.C. § 2255; (2) Federal Rule of Civil Procedure 60(b) did not provide a stand-alone mechanism for Defendant to seek relief from his criminal sentence; and (3) to the extent that Defendant sought reconsideration of the Court's denial of Defendant's Motion (#266) to Vacate or Correct Sentence under 28 U.S.C. § 2255, the Court concluded Defendant's Motion was untimely because it was made almost eight years after the Court denied Defendant's § 2255 Motion.  The Court also declined to construe Defendant's Motion as brought under § 2255 because Defendant does not have authorization pursuant to § 2255(h) to bring a successive § 2255 petition.

On this record the Court concludes reasonable jurists could not debate whether Defendant's Motion, however construed, should

2 - ORDER

have been resolved in a different manner.  Accordingly, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

## CONCLUSION

For these reasons, the Court **DENIES** Defendant a Certificate of Appealability.

IT IS SO ORDERED.

DATED this 18th day of May, 2015.

/s/  Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

3 - ORDER